IN THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| 4 OVER INTERNATIONAL, LLC, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| PRIMO, INC., | ) |
| Xhenis Levack, Registered Agent | ) Case No. 3:26-cv-258 |
| 19009 Peninsula Point Dr. | ) |
| Cornelius, NC 28031-7601, | ) |
| | ) |
| and | ) |
| | ) |
| XHENIS LEVACK, | ) |
| 19009 Peninsula Point Dr. | ) |
| Cornelius, NC 28031-7601, | ) |
| | ) |
| *Defendants*. | ) |

## COMPLAINT

Plaintiff, 4 Over International, LLC ("**4 Over**" "**Plaintiff**"), by counsel, states the

following as its Complaint against Defendants, Primo, Inc. ("**Primo**") and Xhenis Levack

("**Levack**," and together with Primo, the "**Defendants**").

## Parties

1. 4 Over is a Delaware limited liability company with its principal place of business

at 1225 Los Angeles Street, Glendale, California 91204. 4 Over is engaged in the business of

providing commercial printing products and services. For purposes of diversity jurisdiction under

28 U.S.C. § 1332, the citizenship of a limited liability company is determined by the citizenship

of each of its members. When the citizenship of 4 Over International, LLC is determined by

reference to the citizenship of all of its members, traced through every layer of its ownership

structure and all individual members and partners at every level of the ownership chain, no member

or partner at any tier is a citizen of the State of North Carolina. 4 Over is, therefore, not a citizen of the State of North Carolina for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

2. Primo is a North Carolina corporation, with its principal place of business at 19009 Peninsula Point Drive, Cornelius, North Carolina 28031. At all times relevant hereto, Primo was engaged in the business of purchasing and reselling printing products and services.

3. Xhenis Levack is an individual and citizen of the state of North Carolina. Levack is the President and Registered Agent for Primo.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of a state other than North Carolina, and Defendant is a citizen of North Carolina.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants reside in this District.

6. This Court has personal jurisdiction over Defendants because Defendants are domiciled and maintain their principal place of business in North Carolina, within this judicial district.

### Facts

7. At all times relevant to this action, Primo was a long-established customer of 4 Over, purchasing commercial printing products and services from 4 Over on an ongoing basis.

2

8. Over the course of its business relationship with 4 Over, Primo accumulated a substantial outstanding balance for products and services that 4 Over delivered to Primo, but for which Primo failed to pay in full.

9. As of September 15, 2024, Primo owed 4 Over a total of $1,082,065.46 (the "**Indebtedness**") for products and services previously delivered by 4 Over to Primo.

*The Installment Agreement*

10. On or about September 15, 2024, 4 Over and Primo entered into a written Installment Payment Agreement (the "**Installment Agreement**") whereby Primo acknowledged the Indebtedness and agreed to repay the full amount of $1,082,065.46 to 4 Over through scheduled monthly installment payments of $30,000.00 each, beginning on September 15, 2024, and continuing through the final payment on September 1, 2027.

11. Under the terms of the Installment Agreement, Primo was required to make each installment payment on or before the scheduled due date, with a grace period of up to five (5) business days after the installment was due before being in default.

12. Pursuant to Section 2 of the Installment Agreement, 4 Over agreed not to charge any interest on the Indebtedness.

13. Pursuant to Section 5 of the Installment Agreement, Primo was entitled to a 2% annual rebate, which would be applied to reduce the Indebtedness by the 15th of each February.

14. In consideration of the Installment Agreement, 4 Over extended preferential pricing to Primo, including presidential pricing status and a preferred discount of 6.9%.

15. Pursuant to Section 6 of the Installment Agreement, Primo would be in default if, among other things: (a) Primo failed to pay any amount of the Indebtedness when due, which

3

would result in the loss of its discounts; or (b) Primo failed to make a full installment payment and failed to cure such non-payment within 120 days following written notice of such delinquency.

16. Pursuant to Section 8.8 of the Installment Agreement, in the event of Primo's default, Primo agreed to pay all collection costs, including reasonable attorney's fees incurred by 4 Over on account of such collection, regardless of whether a lawsuit is filed.

17. Pursuant to Section 8.9 of the Installment Agreement, in the event of litigation concerning the Agreement, the prevailing party is entitled to an award for all fees, including reasonable attorneys' fees, costs, and expenses, including court costs and expenses.

*Primo's Breach of Contract*

18. Primo made certain payments under the Installment Agreement through approximately December 3, 2024.

19. No payments have been received from Primo since December 3, 2024.

20. Primo's failure to make the required monthly installment payments since December 3, 2024 constitutes a default under Section 6(a) and Section 6(b) of the Agreement.

21. As a result of Primo's default, 4 Over suspended Primo's preferential pricing in accordance with Section 6(a) of the Agreement.

22. On December 17, 2025, 4 Over, through its General Counsel, Claire Ambrosio, sent Primo a written demand letter via UPS and email, notifying Primo of its breach of the Installment Agreement and demanding payment of the outstanding balance of $967,257.38 then due and owing.

23. The demand letter required Primo to contact 4 Over no later than December 22, 2025 to schedule a conference call to discuss the debt and explore a potential settlement. The demand letter further advised that if Primo failed to comply with the demands or participate in a

4

settlement discussion, 4 Over would promptly proceed with filing a complaint to recover the amounts due.

24. Despite receiving the demand letter and adequate notice of default, Primo has failed and refused to make any payments, cure its default, or otherwise satisfy its obligations under the Installment Agreement.

25. As of the date of this Complaint, Primo remains in material breach of the Agreement, and the outstanding balance due and owing to 4 Over is not less than $967,257.38, plus any additional amounts that may have accrued.

<div align="center">

**COUNT I**
**BREACH OF CONTRACT**

</div>

26. Plaintiff re-states, re-alleges, and incorporates the allegations in paragraphs 1 through 25 above as though fully set forth herein.

27. The Installment Agreement constitutes a valid and enforceable contract between 4 Over and Primo.

28. 4 Over has fully performed all its obligations under the Installment Agreement, including delivering the products and services giving rise to the Indebtedness and extending the installment payment terms to Primo.

29. Primo has materially breached the Installment Agreement by failing to make the required installment payments since December 3, 2024.

30. 4 Over provided Primo with written notice of default on December 17, 2025, and Primo has failed to cure its default within 120 days of such notice or at all.

31. As a direct and proximate result of Primo's breach of the Installment Agreement, 4 Over has suffered damages in an amount not less than $967,257.38, representing the unpaid balance of the Indebtedness, plus any additional amounts that may have accrued.

<div align="center">5</div>

32. In addition, pursuant to Sections 8.8 and 8.9 of the Agreement, 4 Over is entitled to recover all collection costs, reasonable attorneys' fees, costs, and expenses incurred in connection with the enforcement of the Installment Agreement and the prosecution of this action.

## COUNT II
## PIERCING THE CORPORATE VEIL OF PRIMO

33. Plaintiff re-states, re-alleges, and incorporates the allegations in paragraphs 1 through 32 above as though fully set forth herein.

34. At all times relevant hereto, Defendant Levack exercised such control over Primo as to amount to complete domination of its finances, policies, and business practices, such that the corporate entity had no separate mind, will, or existence of its own. Defendant Levack's control was not merely that of a majority or sole shareholder, but rather constituted the kind of pervasive domination that rendered Primo a mere instrumentality of Defendant Levack.

35. By entering into the Installment Agreement, Primo obtained preferred pricing from Plaintiff, which resulted in a significant discount off of the retail price of the products provided to Primo. As such, it is believed and alleged that Primo is generating a profit from the products obtained at such preferred pricing, which profit was supposed to be used in large measure to curtail the Indebtedness.

36. Upon information and belief, the profits generated by Primo through the Installment Agreement have been commingled with other accounts of Defendant Levack, and Defendant Levack has taken and converted such money for her own personal use and benefit, including for the benefit of other wholly-owned and/or partially owned entities.

37. Defendant Levack has failed to maintain adequate corporate formalities and has disregarded the separate legal identity of Primo, including but not limited to: commingling of funds and assets between Primo and Levack or her affiliates; the diversion of Primo's revenues for

6

Levack's personal use; and the failure to maintain Primo as a separate and adequately capitalized entity.

38. There exists, and at all relevant times there existed, a unity of interest and ownership between Levack and Primo such that the separate personalities of the entity and the individual no longer exist. Adherence to the fiction of the separate existence of Primo as an entity distinct from Levack would permit an inequitable result and would sanction a fraud or promote injustice, in that Plaintiff would be unable to recover the amounts owed under the Installment Agreement.

39. As a direct and proximate result of the foregoing, Defendant Levack is personally liable for the debts, obligations, and liabilities of Primo, including all amounts owed to Plaintiff arising out of or related to the Installment Agreement, in an amount to be proven at trial.

WHEREFORE, Plaintiff 4 Over respectfully requests that this Court enter judgment in its favor and against Defendants Primo and Levack as follows:

a. Awarding Plaintiff judgment on Count I against Primo in an amount not less than $967,257.38, plus any additional amounts that may have accrued through the date of judgment;

b. Awarding Plaintiff judgment on Count II against Levack in an amount not less than $967,257.38, plus any additional amounts that may have accrued through the date of judgment;

c. Awarding Plaintiff its reasonable attorneys' fees, costs, and expenses incurred in this action, pursuant to Sections 8.8 and 8.9 of the Agreement;

d. Awarding Plaintiff pre-judgment and post-judgment interest at the maximum rate allowed by law;

e. Awarding Plaintiff its costs of suit; and

f. Granting such other and further relief as this Court deems just and proper.

7

This the 30th day of March 2026.

<div style="margin-left:50%">

_/s/ James B. Gatehouse_

James B. Gatehouse
NC State Bar No. 22811
Whiteford, Taylor & Preston LLP
Two Morrocroft Centre
4064 Colony Road, Suite 315
Charlotte, North Carolina, 28211
Telephone:      (980) 242-5001
E-Mail:            jgatehouse@whitefordlaw.com

</div>

8